CARLIE CHRISTENSEN, Acting United States Attorney (#633)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
AMY J. OLIVER, Assistant United States Attorney (#8785)
185 South State Street, #300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682
john.mangum@usdoj.gov
amy.oliver@usdoj.gov

_____

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH,
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LINDA GRIFFETH AND DARIN GRIFFETH, | : | |
| | | Civil No.  1:13-cv-00019 TC-EJF |
| Plaintiffs, | : | **UNITED STATES' MOTION IN LIMINE TO EXCLUDE FROM TRIAL ALL TESTIMONY CONCERNING A PILOT VEHICLE THEORY AND MEMORANDUM IN SUPPORT** |
| UNITED STATES OF AMERICA | : | |
| | | Judge Tena Campbell |
| Defendant. | : | Magistrate Judge Evelyn J. Furse |

_____

Pursuant to Rules 402, 403, 701 and 702 of the Federal Rules of Evidence, the United

States of America moves to exclude from trial all testimony concerning a pilot vehicle theory of

alleged negligence by Defendant.

## INTRODUCTION

Plaintiffs seek to recover from the United States for damages allegedly resulting from a

vehicle accident involving Plaintiff Linda Griffeth and heavy equipment owned by the United

States Forest Service. Plaintiffs' theory of recovery is limited by their Complaint to alleged

negligence by the driver of the Forest Service's front loader that Plaintiff, Mrs. Griffeth, struck while operating her off-road motorcycle on a dirt and gravel Forest Service road.

Plaintiffs' expert witness, Scott Kimbrough, Ph.D., opines that Defendant should have had a "pilot" vehicle immediately ahead of the front loader to warn oncoming traffic about the front loader on the road (hereafter, the pilot vehicle theory). However, that theory of recovery is precluded by the Court's recent denial of Plaintiffs' motion to amend their Complaint, and is not an issue in the case. Dr. Kimbrough's testimony is therefore not relevant because it does not address the sole issue in Plaintiffs' Complaint:  alleged negligence by the loader driver. On that issue, Dr. Kimbrough offered no opinion, but instead focused exclusively on the pilot vehicle theory. His opinion is therefore not relevant to any facts in issue as required by Rule 702.

Accordingly, Dr. Kimbrough's report and testimony should be excluded from trial, as should any testimony by any lay witness concerning the pilot vehicle theory of negligence.

## BACKGROUND

### A.  Order Denying Plaintiffs' Motion for Leave to Amend Their Complaint

Plaintiffs' Complaint, filed on January 28, 2013, over two years after the accident, alleges that the United States is liable to Plaintiffs because of negligent operation of the front loader by its driver. Complaint ¶¶ 8-18, ECF No. 2. Nearly a year later, Plaintiffs belatedly moved for leave to amend their Complaint to add claims for a new theory of negligence based on the absence of a pilot vehicle immediately ahead of the loader. Report and Recommendation at 2, ECF No. 22. The Magistrate recommended that the Court deny leave to amend for three reasons: (1) Plaintiffs did not plead the proposed claims in their administrative claim as required by the Federal Tort Claims Act; (2) Plaintiffs unduly delayed in raising the claims; and (3) the United States would suffer undue prejudice if the claims were added. Rep. and Recomm. at 6. The Court

adopted the Magistrate's Report and Recommendation as its Order denying Plaintiffs' motion. Order, July 9, 2014 ("Order") at 1, ECF No. 26. Because the Court denied Plaintiffs leave to amend, nothing in the pleadings allows any theory about a pilot vehicle immediately ahead of the loader. The only relevant theory of recovery is Plaintiffs' initial claim for negligence by the loader driver. Complaint ¶¶ 8-18.

### B.  Dr. Kimbrough's Report and Testimony

In his expert report, Dr. Kimbrough noted each vehicle's assumed speed, the dimensions of the road and loader, and possible use of a pilot vehicle. Expert Report of Dr. Scott Kimbrough ("Expert Rpt.") at 4-6, ECF No. 15. He calculated each vehicle's position when he believed that Mrs. Griffeth and the loader driver first saw each other, that they saw each other at least three seconds before impact, and the approximate position of each vehicle at impact. Expert Rep. at 4-5.  In particular, Dr. Kimbrough analyzed the front loader's width compared to a typical passenger vehicle. Expert Rpt. at 6. He concluded that to reduce the probability of this accident, the Forest Service should have implemented a policy requiring a pilot vehicle to lead the front loader. Expert Rpt. at 6. Dr. Kimbrough acknowledged in his deposition that he could not locate any such requirement for a pilot vehicle in any law, regulation or official policy. Deposition of Scott Kimbrough ("Kimbrough Dep.") (attached hereto as Exhibit A) 31:19-32:8. Dr. Kimbrough's report was first provided by Plaintiffs to Defendant on January 29, 2014, two days after the United States filed its memorandum opposing Plaintiffs' motion to amend their Complaint. See ECF nos. 14 & 15.

Dr. Kimbrough testified similarly in his deposition that a Forest Service pickup truck which had just caught up to  the front loader should have been leading the loader instead of following it. Kimbrough Dep. 33:21-25. When asked about the manner in which the driver

operated the loader, Dr. Kimbrough recited only the loader's assumed speed and position, as well as the absence of a pilot vehicle. Kimbrough Dep. 33:6-34:2. He did not opine about any possible negligent operation by Mr. Roberson, the loader driver. In fact, nowhere in Dr. Kimbrough's report or deposition did he offer any opinion about the driver's operation of the loader. Dr. Kimbrough addressed only the pilot vehicle theory that is precluded by the Court's recent Order.

**ARGUMENT**

### A. Neither Dr. Kimbrough's Testimony Nor Lay Testimony Concerning the Pilot Vehicle Theory is Relevant to Any Issue in the Case.

Plaintiffs, as proponents of Dr. Kimbrough's expert testimony, "[bear] the burden of showing that the testimony is admissible." Conroy v. Vilsack, 707 F.3d 1163, 1168 (10th Cir. 2013). "Admission at trial of expert testimony is governed by Fed. R. Evid. 702, which imposes on the district court a gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" United States v. Gabaldon, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S. Ct. 2786 (1993)).  Rule 702 requires that the expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue" and that "the expert has reliably applied the principles and methods to the facts of the case." FRE 702(a), (d) (emphasis added).

Admissibility of expert testimony is determined using a two-part test. Conroy, 707 F.3d at 1168. First, the Court decides whether the expert is qualified. Id. The United States does not dispute, for purposes of this motion only, that Dr. Kimbrough, an electrical engineer, is qualified to opine about Mrs. Griffeth's accident. However, as explained below, his report and testimony fail the second step of the admissibility analysis.

After deciding qualification, "the court must satisfy itself that the proposed expert

testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." Id. (quotation and citations omitted). As a condition of Rule 702, evidence or testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert, 509 U.S. at 591. "This condition goes primarily to relevance." Id. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Id. (quotation and citations omitted).

"With respect to assessing relevance, 'the district court must determine whether the methodology or reasoning underlying the expert opinion relates to the issue at hand, i.e., whether it assists the trier of fact in understanding the evidence or a fact in issue. In this regard, the Daubert Court discusses the concept of 'fitness,' that is, whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" Summers v. Mo. Pac. R.R. Sys., 132 F.3d 599, 603 n.5 (10th Cir. 1997) (quoting Joiner v. General Elec. Co., 78 F.3d 524, 530 (11th Cir. 1996) (judgment reversed on grounds that Circuit Court applied incorrect standard of review)). By offering no opinion about the loader driver's manner of operation, Dr. Kimbrough's testimony is not tied to the facts or issues of the case. He instead describes a theory that has been expressly excluded by this Court.

The "trial court must look at the logical relationship between the evidence proffered and the material issue that evidence is supposed to support to determine if it advances the purpose of aiding the trier of fact." Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1234 (10th Cir. 2004). "Even if an expert's proffered evidence is scientifically valid and follows appropriately reliable methodologies, it might not have sufficient bearing on the issue at hand to warrant a determination that it has relevant 'fit.'" Id. (citing Daubert, 509 U.S. at 591). The material issue in this case is alleged negligence by the drivers of the loader and the dirt bike, not the pilot

vehicle theory advanced by Dr. Kimbrough that is precluded by the recent Order. There is no adequate fit between the pilot vehicle theory and the manner in which the loader driver operated the loader. Because Dr. Kimbrough's opinion will not help the fact finder with the issue of alleged negligence by the loader driver, Dr. Kimbrough's report and testimony fail the relevance requirement for admissible expert testimony and should be excluded.

Similarly, lay testimony must be relevant to the issues in the case. See, Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 128 S.Ct. 1140 (2008) (discussing application of FRE 401 in determining the relevancy of testimony by coworkers in an employment discrimination case); see also, U.S. v. Mitchell, No. 2:08CR125DAK, 2009 WL 3181938 (D. Utah Sept. 28, 2009) (evaluating the relevancy under FRE 401 of lay testimony to a criminal defendant's competency hearing). Under Rule 401, evidence is only relevant if it supports a fact that "is of consequence in determining the action." FRE 401(b). "Irrelevant evidence is not admissible." FRE 402.

As with Dr. Kimbrough's opinion on the pilot vehicle theory, any lay witness testimony regarding that theory (including by Plaintiffs) is irrelevant. Under Rule 401, evidence is only relevant if it supports a fact that "is of consequence in determining the action." In Mendelsohn, the Supreme Court made clear that relevance is "determined in the context of the facts and arguments in a particular case." 552 U.S. at 387. The facts and arguments concerning the pilot vehicle theory are not of consequence to this action because the pilot vehicle theory was excluded by this Court's Order.  Therefore, any such testimony is irrelevant to the case and should be excluded. Mendelsohn, 552 U.S. at 387.

Additionally, lay testimony about the pilot vehicle theory is an opinion and must meet the requirements of Rule 701. "[A] lay witness may testify as to any opinion (a) rationally based on

the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Weese v. Schukman, 98 F.3d 542, 550 (10th Cir. 1996) (internal quotation marks omitted). Because opinion about the pilot vehicle theory will not be helpful in understanding the witness' testimony, it must help to determine a fact in issue. FRE 701(b). As limited by the Court's recent Order, the only issue in Plaintiffs' cause of action is how the driver operated the loader. Compl. ¶¶ 8-18. Any opinion about the pilot vehicle theory has no bearing on the driver's operation of the loader and will not help determine that issue. No lay testimony about the pilot vehicle theory, by Plaintiffs or any other witnesses for Plaintiffs, meets the requirements for opinion evidence under Rule 701 and should be excluded.[1]

## CONCLUSION

This Court denied Plaintiffs' motion for leave to amend to add the pilot vehicle theory , rendering Dr. Kimbrough's opinion testimony and all lay witness testimony on this theory irrelevant to the issues in this case.  For this reason, the United States requests that the Court grant its motion in limine to exclude at trial any testimony by Dr. Kimbrough and any testimony of any other witness concerning the pilot vehicle theory.

Respectfully submitted this 13th day of August, 2014.

CARLIE CHRISTENSEN
Acting United States Attorney

 /s/ John K. Mangum
JOHN K. MANGUM
AMY J. OLIVER
Assistant United States Attorneys
Counsel for Defendant

---

[1] However, this should not be understood to exclude testimony about other Forest Service heavy equipment that Plaintiffs encountered on their ride the day of the accident, as that is relevant to the defense theory of Plaintiffs' negligence and that they should not have been surprised to encounter the loader and should have taken corresponding precautions in how they rode their motorbikes.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing **UNITED STATES' MOTION IN LIMINE TO EXCLUDE AT TRIAL ANY PLAINTIFF TESTIMONY CONCERNING A PILOT VEHICLE THEORY AND MEMORANDUM IN SUPPORT**, with its Exhibit A, was filed electronically using the Court's CM/ECF system this 13th day of August, 2014, which is relied on to promptly notify counsel for Plaintiffs named below:


Blake S. Atkin batkin@atkinlawoffices.net
Randall T. Todd  rtodd@atkinlawoffices.net
ATKIN LAW OFFICES, P.C.
837 S. 500 W., Ste. 200
Bountiful, Utah  84010
7579 N. West Side Highway
Clifton, ID  83228

/s/ John K. Mangum